**DODGE SALES & ENGINEERING CO. et al. v. FIRST NAT. BANK OF PITTSTON et al.**

**In re EXETER MACH. WORKS.**

(Circuit Court of Appeals, Third Circuit. June 28, 1920.)

No. 2514.

Bankruptcy ⬡467—Determining value of security held by creditor.

 Finding of the District Court, confirming that of a referee fixing the value of collateral held by creditors of a bankrupt, for the purpose of determining the amount of their provable claims, affirmed.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

In the matter of the Exeter Machine Works, bankrupt. The Dodge Sales & Engineering Company and others appeal from an order of the District Court, allowing claims of the First National Bank of Pittston and others. Affirmed.

Henry C. Quinby, of New York City (L. J. Luce, of New York City, of counsel), for appellants.

W. L. Pace and H. L. Mahon, both of Pittston, Pa., for appellee First Nat. Bank of Pittston.

Mulford Morris and A. L. Williams, both of Wilkes-Barre, Pa., for appellees Luzerne County Nat. Bank and others.

P. F. O'Neill, of Wilkes-Barre, Pa., for appellee Safe Deposit Bank of Pottsville.

Wm. W. Hall, of Pittston, Pa., for appellee People's Union Bank of Pittston.

B. W. Davis, of Wilkes-Barre, Pa., for appellee Deposit & Savings Bank of Kingston and another.

Chas. A. Shea, of Brookline, Mass., for appellee First Nat. Bank of Nanticoke.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

PER CURIAM. In the bankruptcy of the Exeter Machine Works and in the distribution of its assets it appeared that certain creditors held notes secured by collateral in the shape of second mortgage bonds of the company. Question having arisen as to the value of such collateral, and what credit should be given therefor, on proof of such claims, the court below referred the matter to the referee, who took testimony at great length and determined and reported the amount of such allowance in the several reports, audits, etc., in the case. Indeed, the whole controversy finally narrows down to a question of alleged error in the value to be given to these collateral bonds as credits.

While the court below held the case was not properly before it, because there was no petition to review, it nevertheless considered it on its merits, and on such consideration agreed with the referee. We have followed the same course, and assuming for present purposes the case is also properly before us, we have considered the case de novo, and find no ground warranting us in convicting the court below of error. We therefore limit ourselves to announcing our decision, without discussing the proofs and findings, which, as we have said, are set forth at length in the reports, audits, and orders in the record.

As a large sum of money is tied up by the pendency of this appeal, we direct the mandate be sent down without further delay to the court below for further proceedings.